**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ABRAHAM LINCOLN KERNS,

    Defendant - Appellant.

No. 02-6250
(D.C. Nos. CIV-02-855-R
& CR-00-180-R)
(W. D. Oklahoma )

---

**ORDER AND JUDGMENT**   *

---

Before **EBEL** , **LUCERO** , and **O'BRIEN** , Circuit Judges.

Pro se petitioner Abraham Lincoln Kerns, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. We conclude that Kerns waived his right to challenge his sentence and deny the certificate of appealability.

---

   * The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I

On March 23, 2001, Kerns pled guilty to two counts of using a telephone to facilitate a conspiracy to possess with intent to distribute and to distribute a mixture of substance containing a detectable amount of phencyclidine (PCP), in violation of 21 U.S.C. § 843(b). As part of the plea agreement, Kerns waived his right to appeal or collaterally challenge his sentence provided it is within or below the applicable guideline range. Based on this plea, Kerns received two sentences of forty-eight months — to run consecutively — for a total sentence of ninety-six months imprisonment.

Notwithstanding the waiver, Kerns filed a § 2255 petition in district court, challenging his sentence on several grounds. First, he argued that the court's attribution of a drug quantity to him violated Apprendi v. New Jersey, 530 U.S. 466 (2000). Second, he challenged his sentence on the ground that the court improperly imposed consecutive rather than concurrent sentences for the two counts. Third, he claimed he received ineffective assistance of counsel.

In denying Kerns's § 2255 petition, the district court relied on his waiver of his right to appeal or collaterally challenge his sentence in his plea agreement. United States v. Kerns, CR-00-180-R (W. D. Okla. Jul. 11, 2002). Finding that Kerns's assertions of ineffective assistance of counsel did not challenge the

-2-

validity of the plea or the waiver and that the sentence imposed was within the applicable guideline range, the district court concluded that Kerns's waiver was enforceable and that his collateral challenge to his sentence was therefore barred. Id.

## II

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Kerns must obtain a certificate of appealability in order to receive appellate review of the district court's denial of his § 2255 petition. 28 U.S.C. § 2253(c)(1)(B). The district court rejected Kerns's COA application. Consequently, we treat Kerns's notice of appeal as a renewed application for a COA. Fed. R. App. P. 22(b); Slack v. McDaniel, 529 U.S. 473, 483 (2000).

We may issue a COA only if an applicant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Without reaching the merits of his underlying constitutional claims, the district court dismissed Kerns's petition on procedural grounds, namely his waiver. In this situation, in order to obtain a COA, Kerns must establish "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added). Because Kerns proceeds pro se, we must liberally construe his petition. McBride

-3-

v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001). We interpret his application to set forth two arguments. First, he argues that he received ineffective assistance of counsel which should overcome his waiver. Second, he argues that the sentence imposed exceeded the statutory maximum.

**A**

We interpret Kerns's application to argue that, contrary to the district court's ruling, his attorney's ineffective assistance of counsel rendered Kerns's waiver of collateral challenge unenforceable. In United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001), we held:

> [A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable.

Consequently, even if we concluded that Kerns received ineffective assistance of counsel, this would not suffice to render the waiver unenforceable. Rather, Kerns must show that the ineffective assistance of counsel operated to cast doubt on the validity or voluntariness of his plea or waiver.

Kerns argues he received ineffective assistance of counsel on the grounds that his attorney withdrew the objection to the quantities of drugs attributable to Kerns during sentencing, and failed to object to the ultimate sentence. These alleged deficiencies, however, do not speak to the voluntariness or validity of

-4-

Kerns's guilty plea or the waiver provision.  Allegations of his attorney's conduct after the plea was entered do not suggest that the entry of Kerns's plea and his assent to waiver was involuntary.

In addition, Kerns argues that his attorney assured him that he would receive no more than a forty-eight-month sentence of incarceration, and that Kerns would not have pled guilty but for this assurance.  According to Kerns, these events constituted ineffective assistance of counsel rendering his waiver involuntary and unenforceable.  A guilty plea is deemed to be involuntary when the prosecutor promises a certain sentence but subsequently breaks that promise.  Machibroda v. United States, 368 U.S. 487, 493 (1962).  Moreover, some courts have suggested that a guilty plea may be deemed involuntary when defense counsel represents that "by prearrangement with the prosecutor or the court, a plea of guilty will not result in greater than a given punishment when, in fact, a greater punishment is imposed,"  Allison v. Blackledge, 533 F.2d 894, 897 (4th Cir. 1976) (citations omitted), reasoning that "[s]uch a representation is far different from a mere prediction by counsel as to the length of sentence which is likely to result from a guilty plea."  Id.  In the present case, however, Kerns does not allege that his attorney's representations were anything but that — mere predictions as to the length of sentence.  Kerns does not allege that his attorney's representations were made pursuant to an agreement with the prosecutor or the

judge. Consequently, even if we accept Kerns's bald assertion that his attorney promised he would receive only forty-eight months when he in fact received ninety-six months, we cannot conclude that this constitutes a challenge to the voluntariness or validity of his guilty plea   or waiver. Moreover, his assertions contradict the explicit terms of his guilty plea and the plea agreement, both of which specify that the maximum penalty he would receive was four years   <u>for each count</u>. As he pled guilty to two counts, this indicates he was aware that he faced the possibility of a total ninety-six month term of imprisonment. In addition, he stated in his guilty plea that no one had made any promises to him inducing him to plead. For these reasons, we conclude that Kerns's allegations of ineffective assistance of counsel do not speak to the voluntariness or validity of his guilty plea or waiver. Consequently, they do no suffice to overcome enforcement of his waiver.

**B**

Additionally, Kerns argues that his sentence exceeds the statutory maximum for his crimes. If true, this would overcome his waiver because the plea agreement provided for waiver of his right to challenge his sentence "as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the court to apply to this case." (R. Doc. 30 at 5.)   The sentencing

-6-

court found Kerns's total offense level to be 31, and his criminal history category to be III. Consequently, the Sentencing Guidelines dictate a range of between 135 to 168 months' imprisonment. U.S.S.G. Ch. 5, Pt. A. Kerns pled guilty to two counts of violating § 843, which provides that "any person who violates this section shall be sentenced to a term of imprisonment of not more than four years, a fine of not more than $30,000, or both." § 843(d). Consequently, he received two sentences of forty-eight months each to run consecutively, for a total sentence of ninety-six months imprisonment. As ninety-six months falls below the applicable guideline range, Kerns may not collaterally attack his sentence.

### III

In sum, we conclude that no jurist would debate the propriety of the district court's finding that Kerns's waiver of his right to collaterally attack his sentence was valid and enforceable, thereby barring his present petition. Because we find the district court's dismissal on procedural grounds proper, we need not proceed to analyze the merits of his underlying constitutional claims. Slack, 529 U.S. at 484–85. Consequently, Kerns's application for a COA is **DENIED** and this matter is **DISMISSED.** Appellant's motion to proceed in forma pauperis is **GRANTED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge