**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LARRY DARNELL BROWN, JR.,

Petitioner - Appellant,

v.

JOE M. ALLBAUGH, Director,

Respondent - Appellee.

No. 18-5102
(D.C. No. 4:15-CV-00277-JHP-JFJ)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Larry Brown, Jr., an Oklahoma prisoner proceeding pro se,[1] seeks a certificate

of appealability (COA) so that he can appeal the district court's order denying his 28

U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A).

When a district court rejects a petitioner's "constitutional claims on the

merits," we will grant a COA if the petitioner "demonstrate[s] that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or

wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But when a district court

---

[*] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Brown proceeds pro se, we liberally construe his filings. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1243 n.4 (10th Cir. 2015). But we won't act as his advocate. *See id.*

instead denies relief "on procedural grounds without reaching the prisoner's underlying constitutional claim," then the petitioner's burden becomes more onerous: he or she must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

Here, Brown's § 2254 petition advanced a due-process claim. Specifically, Brown asserted that the state trial court "[c]oerce[d]" him "to [p]lead guilty" by promising to take certain actions if Brown "withdrew his motion to withdraw his guilty plea and left his plea in tact [sic]"—a promise that, as it turned out, the trial court lacked authority to fulfill. R. vol. 1, 9; *cf. Santobello v. New York*, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.").

In denying Brown's § 2254 petition, the district court rejected this iteration of Brown's due-process claim on the merits. The district court reasoned that because the trial court made the promise at issue *after* Brown entered his plea, that promise could not have "influenced [Brown's] initial decision to waive his constitutional right to a jury trial." R. vol. 1, 210; *cf. United States v. Kerns*, 53 F. App'x 863, 866 (10th Cir. 2002) (unpublished) ("Allegations of [petitioner's] attorney's conduct *after* the plea was entered do not suggest that the entry of [petitioner's] plea and his assent to

2

waiver was involuntary."). Thus, the district court ruled, Brown failed to "show[] that the plea itself [was] unconstitutional." R. vol. 1, 210.

Next, the district court acknowledged a previous version of Brown's claim: it noted that in state court, Brown alleged the trial court's false promise violated his due-process rights, not because it induced him to enter a plea—thus rendering his plea involuntary—but because it "caused him to waive his right to appeal." *Id.* at 205. The district court declined to reach the merits of this potential constitutional claim and instead rejected it for procedural reasons. Specifically, the district court ruled that "[e]ven a liberal construction of [Brown's] pro se petition and supporting brief" didn't convince the district court that Brown was "alleg[ing] a deprivation of his right to appeal." *Id.* at 209.

Notably, in seeking a COA to appeal the district court's order denying his § 2254 petition, Brown doesn't challenge the district court's narrow interpretation of his due-process claim. Indeed, he appears to disavow any argument that he is now entitled to a direct appeal out of time, which is the remedy the district court suggested might be appropriate if Brown asserted and established that the trial court's false promise unconstitutionally induced him to waive his appellate rights. Instead, Brown doubles down on the version of his due-process claim the district court rejected on the merits. That is, Brown suggests reasonable jurists could debate whether his plea "was induced by" the trial court's false promise. Aplt. Br. at 7 (quoting *Mabry v. Johnson*, 467 U.S. 504, 509 (1984), *disapproved of by Puckett v. United States*, 556 U.S. 129, 138 n.1 (2009)). And he further insists that the "only"

3

appropriate remedies for this alleged constitutional error are either to allow him to withdraw his plea or to order "specific performance of the [plea] agreement." *Id.* at 6–7 (citing *Santobello*, 404 U.S. 257).

In short, Brown expresses no disagreement with—and in fact implicitly endorses—the district court's procedural basis for rejecting Brown's potential appellate-waiver claim. Thus, Brown isn't entitled to a COA to appeal that aspect of the district court's order. *See Slack*, 529 U.S. at 484. And because Brown fails to explain why reasonable jurists might find debatable or wrong the district court's substantive ruling that any promises the trial court made *after* Brown pleaded guilty necessarily couldn't have influenced Brown's initial decision to enter a plea, we likewise decline to issue Brown a COA on that basis. *See id.*; *Kerns*, 53 F. App'x at 866. We therefore deny Brown's COA request and dismiss this appeal.

Entered for the Court

Nancy L. Moritz
Circuit Judge

4