**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 18 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

RICHARD L. LINDWURM,

      Plaintiff-Appellant,

v.

WEXFORD HEALTH SOURCES,
INC., a Pennsylvania corporation;
CORRECTIONAL MEDICAL
SERVICES, a Missouri corporation;
JUDY UPHOFF, individually; VANCE
EVERETT, individually; JIM DAVIS,
individually; JOHN COYLE, MD,
a Wexford/CMS physician at
Wyoming State Penitentiary,
individually,

      Defendants-Appellees.

No. 02-8101
(D.C. No. 00-CV-114-J)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Richard Lindwurm appeals [1] the district court's decision to grant summary judgment in favor of the defendants on his 42 U.S.C. § 1983 claim alleging that the medical care Lindwurm received from defendants while incarcerated in the Wyoming Department of Corrections (DOC) violated the Eighth Amendment. [2] We review the district court's summary judgment decision de novo, viewing the record in the light most favorable to Lindwurm, see, e.g., Pittsburgh County Rural Water Dist. No. 7 v. City of McAlester, 346 F.3d 1260, 1278 (10th Cir. 2003), and liberally construing Lindwurm's pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving part[ies are] entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

To support his Eighth Amendment claim, Lindwurm asserts that the defendants failed to provide him with prescribed pain and blood pressure medications and falsified his medical records to make it appear that he received

---

[1] As preliminary matters, we DENY defendants' motion seeking to dismiss this appeal under Fed. R. App. P. 31(c) because Lindwurm filed his brief late, see, e.g., Bartell v. Aurora Pub. Sch., 263 F.3d 1143, 1146 (10th Cir. 2001). We also consider Lindwurm's supplemental authority, despite defendants' objection.

[2] Before the district court, Lindwurm also unsuccessfully asserted additional 42 U.S.C. § 1983 and state-law tort claims. In this appeal, however, he does not challenge the district court's decision granting defendants summary judgment on those claims.

these medications. The district court granted summary judgment in favor of the defendants. For the following reasons, we affirm.

Prison officials' "deliberate indifference to [prisoners'] serious medical needs" violates the Eighth Amendment and states a § 1983 cause of action. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Such a claim "involves both an objective and a subjective component." Olsen v. Layton Hills Mall, 312 F.3d 1304, 1315 (10th Cir. 2002); see also, e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prisoner meets the objective component "if the deprivation is sufficiently serious--that is, if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Olsen, 312 F.3d at 1315 (quotation omitted). Here, because the district court's conclusion that Lindwurm suffers serious medical problems, including hypertension and degenerative joint disease in his back and neck, is not in dispute, Lindwurm meets the objective component.

However, to establish the subjective component of his Eighth Amendment claim, Lindwurm must also show that defendants acted with "deliberate indifference"--that is, that they knew of and disregarded "an excessive risk to [Lindwurm's] health or safety." Farmer, 511 U.S. at 835, 837; see also, e.g., Olsen, 312 F.3d at 1315. A review of the record reveals that, on occasion,

Lindwurm did not receive the medication doctors had prescribed for these conditions. Nonetheless, we agree with the district court that Lindwurm has not proffered sufficient evidence to create a triable fact as to whether defendants acted with deliberate indifference. The occasions during which Lindwurm did not receive all the medication doctors prescribed were isolated and brief. Moreover, Lindwurm has failed to establish that such lapses in medication posed "an excessive risk" to his health, let alone that defendants knew of this risk and disregarded it. See, e.g., McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001) (affirming summary judgment for prison officials where plaintiff failed to demonstrate deliberate indifference).

Furthermore, although a delay in providing medical treatment may support an Eighth Amendment claim, it will do so only if "the delay resulted in substantial harm." Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001) (quotation omitted). Lindwurm has failed to proffer any evidence suggesting that any brief and isolated delays in receiving his medications substantially harmed him.

Finally, Lindwurm asserts defendants falsified his medical records to make it appear that he received prescribed medications that he did not in fact receive. "[A] showing of deliberate refusal to provide medical attention, . . . coupled with falsification of medical records may give rise to an Eighth Amendment violation . . . cognizable under 42 U.S.C. § 1983." Green v. Branson, 108 F.3d 1296, 1304

-4-

(10th Cir. 1997). While we will not sanction falsification of medical records, Lindwurm has not proffered sufficient evidence to create a triable fact as to whether defendants falsified his medical records. Moreover, Lindwurm has failed to show any "deliberate refusal to provide medical attention."

Summary judgment for defendants, therefore, was appropriate. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Carlos F. Lucero
Circuit Judge