**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 29 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BENNY R. SMITH,

      Plaintiff-Appellant,

v.

LOUIS E. BRUCE, Warden, Hutchinson
Correctional Facility; D. A. SCHNURR,
Unit Team Manager, Hutchinson
Correctional Facility; C. RUDICEL, Unit
Team CCI, Hutchinson Correctional
Facility; WAYNE BRAUWNER, Deputy
Warden, Hutchinson Correctional Facility;
S. CLINE, Deputy Warden, Hutchinson
Correctional Facility; (FNU) BODY,
Internal Investigator, Hutchinson
Correctional Facility; R. VIEYRA, Unit
Team Manager, Hutchinson Correctional
Facility,

      Defendants-Appellees.

No. 04-3043

(D.C. No. 03-CV-3242-GTV)

(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **HARTZ**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Benny R. Smith, a Kansas state prisoner appearing pro se and proceeding in forma pauperis, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Smith filed his § 1983 complaint alleging that various officials at Hutchinson Correctional Facility (HCF) violated his constitutional rights by tampering with his outgoing mail. In particular, he complained that defendants routinely delayed or destroyed his outgoing mail, including letters intended for state and federal courts. To support his allegations, Smith asserted he had not received replies from the courts for each piece of correspondence he mailed to the courts. Although he acknowledged receiving several memos from the federal district court in Kansas, and attached copies of those memos to his complaint, he asserted they were forgeries given to him by defendants. He also asserted that defendants forged other items, including "Return to Sender" stamps on various envelopes he attempted to mail. The district court dismissed Smith's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted, stating:

> [P]laintiff's assertions of interference with his legal mailings are entirely speculative, and his claim that the memoranda issued by the clerk of this court are forgeries perpetrated by corrections employees is patently frivolous. The materials before the court include copies of correspondence to plaintiff from counsel appointed in his direct criminal appeal, the warden, and the state and federal courts. There is no material before the court which reasonably supports plaintiff's allegation of interference with his access to the courts.

ROA, Doc. 20 at 3.

We review de novo an order dismissing a prisoner's § 1983 complaint for failure to state a claim under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). See McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001). Like the district court, we are bound to construe pro se pleadings liberally, applying a less stringent standard than to formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, we are not "bound by conclusory allegations, unwarranted inferences, or legal conclusions" contained in those pro se pleadings. See Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994).

Applying these standards to the pleadings filed by Smith in this case, we agree with the district court that he has failed to state a claim upon which relief can be granted. In particular, we conclude no reasonable finder of fact could find, in light of the various exhibits submitted by Smith, that defendants tampered with his mail or prepared and sent forged documents to him. To the contrary, the exhibits clearly demonstrate that Smith's mail was, in fact, sent out of the prison by HCF officials and, in many instances, he received responses from the courts. Lastly, there is nothing in the record indicating that any ongoing litigation being pursued by Smith in state or federal court has been affected

3

by the alleged actions of defendants. See Lewis v. Casey, 518 U.S. 343, 350-55 (1996) (noting that, to establish a claim of denial of access to courts, prisoner must show actual injury).

The appeal is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Dismissal of Smith's appeal as frivolous counts as a strike against him, as does the district court's dismissal of his complaint. See 28 U.S.C. § 1915(g); Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). All pending motions are DENIED. We remind Smith of his obligation to continue making partial payments of the appellate filing fee until paid in full.

Entered for the Court

Mary Beck Briscoe
Circuit Judge