**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ARTHUR JOHN ALLOWAY,

Plaintiff-Appellant,

v.

GLYNN BOOHER, Warden over John
Lilly Correctional Center; REGINALD
HINES, Warden over Jess Dunn
Correctional Center; MARTY
SIRMONS, Warden over Howard
McLeod Correctional Center;
LENORA JORDON, Warden over
James Crabtree Correctional Center;
MELINDA GUILFOYLE, Designee
for the Director of Corrections;
HENRY, Officer, Corrections officer
at HMCC; JIM RABON, Sentence
Administrator for ODOC; BILL
REYNOLDS, Warden Sirmon's
Administrative Assistant; MIKE
PATE, Hearing Examiner for Warden
Sirmons at HMCC,

Defendants-Appellees.

No. 04-7060
(D.C. No. 01-CV-558-P)
(E. D. Okla.)

**ORDER AND JUDGMENT** *

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR** , **McCONNELL** , and **TYMKOVICH** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Arthur John Alloway brought a civil rights action under 42 U.S.C. § 1983, asserting nine claims concerning various conditions of his confinement. The district court dismissed Mr. Alloway's claims as frivolous under 28 U.S.C. § 1915(e)(2)(B), and Mr. Alloway appeals. We review a § 1915(e)(2)(B) dismissal de novo, taking the allegations in the complaint as true. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001).

Before we can consider the merits of Mr. Alloway's claims, we must determine whether he properly exhausted his administrative remedies. [1] Under the

---

[1] In light of our disposition of this appeal, we do not take any position on the merits of Mr. Alloway's various claims. We note, however, that Mr. Alloway alleges that he suffered a violation of his Fifth Amendment right against self-incrimination when prison officials revoked his earned good-time credits due to his non-participation in a sex offender treatment program, and that several courts have found that increasing the length of incarceration (including by revoking earned credits) may constitute unconstitutional compulsion under *McKune v. Lile* , 536 U.S. 24 (2002). *See United States v. Antelope* , 395 F.3d 1128, 1137-38 (9th Cir. 2005); *Donhauser v. Goord* , 314 F. Supp. 2d 119, 132 (N.D.N.Y. 2004); *Bender v. N.J. Dep't of Corr.* , 812 A.2d 1154, 1159 (N.J. Super. Ct. App. Div.

(continued...)

Prison Litigation Reform Act, complete exhaustion of administrative remedies is a mandatory prerequisite to filing a § 1983 claim concerning prison conditions. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The district court did not explicitly address exhaustion, presumably because it viewed Mr. Alloway's claims as frivolous. *See* 42 U.S.C. § 1997e(c)(2) (allowing a court to dismiss a frivolous action without first requiring exhaustion of remedies).

Our review of the record indicates that Mr. Alloway's complaint may be a mixed complaint; in other words, it may contain both exhausted and unexhausted claims. Particularly, it appears that Mr. Alloway failed to exhaust his administrative remedies with regard to several claims, but that he may have exhausted his remedies with regard to his claims concerning the loss of earned credits (from refusing to admit to his offenses in connection with a sex offender treatment program) and his objections to an auditor unilaterally deducting his credits. R. Doc. 38, Part III, attachs.

In this case, we feel that it is appropriate to allow the district court to determine in the first instance the exhaustion status of each of Mr. Alloway's claims. Once the district court has made its determination, it should proceed

---

[1](...continued)
2003)*; but cf. Chavez v. Martinez*, 538 U.S. 760, 769, 778 (2003) (discussing when a Fifth Amendment violation is complete and when liability should lie).

accordingly.  This court has held that, if a prisoner's complaint is a mixed complaint, or if it contains no exhausted claims, an appropriate remedy is dismissal of the entire action without prejudice.  *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189-90 (10th Cir. 2004).  In the alternative, the district court may allow Mr. Alloway to voluntarily dismiss any unexhausted claims and to proceed with any exhausted claims.  *Cf. Rose v. Lundy*, 455 U.S. 509, 522 (1982) (applying similar remedy in habeas case).

Mr. Alloway's motion to proceed on appeal in forma pauperis is GRANTED, and he is reminded that he is obligated to continue making partial payments until the entire appellate filing fee has been paid.  Mr. Alloway's motion for sanctions and his request for counsel on appeal are DENIED.  The judgment of the district court is REVERSED and REMANDED for further proceedings.  The mandate shall issue forthwith.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-4-