FILED
United States Court of Appeals
Tenth Circuit

October 27, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

AARON LEE BENSHOOF,

Plaintiff–Appellee,

v.

LEWIS LAYTON, Correctional
Officer; ERIC MOFIELD,
Correctional Officer; JERRY ELROD,
Case Manager,

Defendants–Appellants.

No. 09-6044
(D.C. No. 5:08-CV-000510-R)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

Correctional officers Lewis Layton and Eric Mofield and case manager

John Elrod appeal the district court's order denying their motion for summary

judgment on the basis of qualified immunity in a 42 U.S.C. § 1983 action. In the

underlying suit, Aaron Benshoof claims that the defendants subjected him to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

unconstitutional conditions of confinement.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the denial of qualified immunity.

## I

Viewed in the light most favorable to Benshoof, the record indicates that on December 14, 2007, he was placed into a cell in the segregated housing unit at Mack Alford Correctional Center that contained hundreds to thousands of fire ants.  That day he began suffering ant stings, which, over the next several days, grew to number approximately two hundred.  As a result, he suffered burning pain, pus-filled blisters, swollen appendages, and nausea, and he was seen twice for medical treatment.  When he requested insecticide, he was given a clear disinfectant that only slowed the ants.  His repeated requests for a transfer to another cell and for an insecticide were denied.  On December 20, the deputy warden received a complaint that Benshoof wrote on December 16.  The deputy warden responded by immediately providing Benshoof with the insecticide, which ended the problem.  Benshoof's filings provide specific evidence that each of the three defendants actually knew about the ant infestation and that he was suffering injuries from ant stings, and yet refused to do anything to alleviate the problem.

In a report and recommendation addressing defendants' summary judgment motion, the magistrate judge concluded that genuine issues of material fact precluded summary judgment on either the objective or the subjective components of an Eighth Amendment conditions-of-confinement claim, see Farmer v.

Brennan, 511 U.S. 825, 834 (1994) (requiring a plaintiff to show "conditions posing a substantial risk of serious harm" (objective component) and the defendant's "deliberate indifference to inmate health or safety" (subjective component) to proceed with a claim that prison conditions violated the Eighth Amendment (quotation omitted)). The magistrate judge also concluded that qualified immunity should be denied because Benshoof alleged a violation of a clearly established constitutional right. Engaging in de novo review, the district court agreed there were genuine issues of material fact as to the objective and subjective components of the Eighth Amendment claim and adopted the report and recommendation. Defendants appeal.

## II

### A

We first must satisfy ourselves that we have jurisdiction to hear this interlocutory appeal. Johnson v. Martin, 195 F.3d 1208, 1213 (10th Cir. 1999). For a collateral order to be appealable, a district court decision must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). A party is entitled to summary judgment if evidence establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c); <u>Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.</u>, 165 F.3d 1321, 1326 (10th Cir. 1999). A denial of summary judgment on the basis of qualified immunity is immediately appealable to the extent that it determines an issue of law. <u>See</u> <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 527-30 (1985). Thus we may review both whether a constitutional right was clearly established at the time of the alleged violation, <u>Fogarty v. Gallegos</u>, 527 F.3d 1147, 1153-54 (10th Cir. 2008), and whether, taking the plaintiff's allegations as true, the defendant violated clearly established law, <u>see</u> <u>Johnson v. Martin</u>, 195 F.3d at 1214; <u>Foote v. Spiegel</u>, 118 F.3d 1416, 1422 (10th Cir. 1997). However, a defendant denied qualified immunity "may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." <u>Johnson v. Jones</u>, 515 U.S. 304, 319-20 (1995).

The defendants contend that at trial Benshoof will not be able to prove either the objective or the subjective components of an Eighth Amendment violation. To the extent the defendants argue that Benshoof has failed to produce sufficient evidence to raise a genuine issue of material fact for trial, we may not hear them. <u>See</u> <u>id.</u> at 313, 319-20. To the extent that they argue that the plaintiff's allegations, taken as true, fail to establish the objective and subjective components of an Eighth Amendment violation, we may review the decision of the district court. <u>See</u> <u>Johnson v. Martin</u>, 195 F.3d at 1214.

-4-

The defendants further argue that any constitutional right allegedly violated was not clearly established as of December 2007. We do have jurisdiction to consider this purely legal argument. See Garrett v. Stratman, 254 F.3d 946, 951-52 & n.8 (10th Cir. 2001); Johnson v. Martin, 195 F.3d at 1214-15.

**B**

We first consider the defendants' argument that Benshoof has failed to produced sufficient evidence to establish the objective component of his Eighth Amendment claim. We review de novo the district court's resolution of qualified immunity issues, Foote, 118 F.3d at 1424, looking only to whether Benshoof's version of the facts would allow a reasonable fact finder to conclude the defendants violated his Eighth Amendment rights, Johnson v. Martin, 195 F.3d at 1211, 1214.

To establish a violation of his Eighth Amendment rights, an inmate must first establish the "objective component" — that "he [was] incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. Liability for a violation of the Eighth Amendment requires "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986).

Benshoof has alleged facts that, if true, establish the objective component of an Eighth Amendment violation. Construed in the light most favorable to Benshoof, the material facts include that Benshoof was placed in a cell infested

with thousands of fire ants. The fire ants stung him approximately 200 times, and the stings caused burning, sizzling pain, pus-filled blisters, and swollen appendages. Moreover, Benshoof was forced to remain in the cell with the stinging fire ants for six days. If true, these allegations establish that Benshoof was incarcerated under conditions posing a substantial risk of serious harm.

## C

The defendants next contend that Benshoof has failed to allege sufficient facts to establish the subjective component of an Eighth Amendment violation. Again, we review the district court's decision de novo. Foote, 118 F.3d at 1424. We must accept Benshoof's version of the facts and grant summary judgment only if he fails to allege facts that would allow a reasonable fact finder to conclude that the defendants violated his rights under the Eighth Amendment. Farmer, 511 U.S. at 834. In order to satisfy the subjective prong of an Eighth Amendment violation, an inmate must establish that the prison official had a "sufficiently culpable state of mind." Id. (quotation omitted). In conditions-of-confinement cases, the inmate must establish "deliberate indifference" to inmate health or safety. Id. Deliberate indifference requires that "the official . . . both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Benshoof has alleged sufficient facts to allow a reasonable fact finder to conclude that the defendants were deliberately indifferent to the substantial risk

of harm he faced. Benshoof has produced evidence that he informed Layton of the infestation; that he showed Mofield some of the fire ant bites and alerted the medical unit; that the medical unit treated him for 15-20 bites on his hand and 20-25 on his foot; that he asked Mofield for transfer to a new cell or access to an ant-killing insecticide and was denied; that Elrod observed Benshoof's injuries but did not transfer him; and that he remained in the cell for six days before receiving the ant-killing insecticide. A reasonable fact finder could conclude from these facts that the prison officials were aware of a substantial risk of serious harm to Benshoof but purposefully chose not to provide the requested relief.

**D**

Mofield, Layton, and Elrod argue that, even if they did violate Benshoof's Eighth Amendment rights, they are entitled to qualified immunity because the constitutional right was not clearly established when they acted. "The doctrine of qualified immunity protects public officials performing discretionary functions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Johnson v. Martin, 195 F.3d at 1216 (quotation omitted). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Medina v. City & County of Denver,

960 F.2d 1493, 1498 (10th Cir. 1992). We review de novo the district court's determination of the state of the law in December 2007. See Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006).

It does not appear that this court has considered a case in which an inmate was placed in a cell with hundreds of fire ants and, while suffering numerous painful stings, was refused a transfer and effective means of eradicating the pests for six days. But such a high degree of factual similarity is not required to conclude that the law was clearly established:

> To be clearly established, the contours of a right must be 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.' . . . This means that there need not be precise factual correspondence between earlier cases and the case at hand, because 'general statements of the law are not inherently incapable of giving fair and clear warning . . . .'

Id. at 913-14 (quoting Hope v. Pelzer, 536 U.S. 730, 741 (2002)). As we have previously explained, Hope, "shifted the qualified immunity analysis from a scavenger hunt for prior cases with precisely the same facts toward the more relevant inquiry of whether the law put officials on fair notice that the described conduct was unconstitutional." Casey v. City of Fed. Heights, 509 F.3d 1278, 1284 (10th Cir. 2007) (quotations omitted).

It was clearly established long before 2007 that the Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, including adequate shelter and reasonable safety from serious bodily harm.

See Farmer, 511 U.S. at 832; cf. Rhodes v. Chapman, 452 U.S. 337, 347 (1981) ("Conditions must not involve the wanton and unnecessary infliction of pain . . . ."). Farmer further established that a prison official violates the Eighth Amendment when he displays deliberate indifference to "conditions posing a substantial risk of serious harm." 511 U.S. at 834; see also id. at 837 (holding that an official may be liable under the Eighth Amendment if "the official knows of and disregards an excessive risk to inmate health or safety"). Further, to establish deliberate indifference, "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842.

Even earlier, this court held in Ramos v. Lamm that "a state must provide an inmate with shelter which does not cause his degeneration or threaten his mental and physical well being." 639 F.2d 559, 568 (10th Cir. 1980). Thus, prison officials must provide living space with "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." Id. Ramos is sufficient to put a reasonable officer on notice that it would be unconstitutional to house an inmate in a cell containing a swarm of stinging insects and to refuse the inmate either a transfer to another cell or any effective means of eradicating the infestation.

In addition, before December 2007, this court explicitly addressed the unconstitutionality of hazardous cell conditions. See DeSpain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001); McBride v. Deer, 240 F.3d 1287,

-9-

1291-92(10th Cir. 2001). Admittedly, these cases involved prolonged exposure to human waste rather than incarceration with pests. But they are also generally sufficient to put a reasonable officer on notice that the Eighth Amendment prohibits forcing an inmate to inhabit a cell with conditions presenting an obvious health hazard. Further, both DeSpain and McBride indicate that even a short exposure to substantially hazardous conditions can support an Eighth Amendment claim: DeSpain involved an exposure of thirty-six hours, see 264 F.3d at 974, and McBride, an exposure of three days, see 240 F.3d at 1291-92.

In light of this precedent, we conclude that the constitutional prohibition against allowing an inmate to remain in a cell rendered hazardous by pervasive infestations of pests was clearly established in December 2007.

### III

The district court's denial of qualified immunity to defendants-appellants on Benshoof's Eighth Amendment claims is **AFFIRMED**. Any motions pending before this court are **DENIED** as moot.

Entered for the Court


Carlos F. Lucero
Circuit Judge