**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

JOE R. MCBRIDE,

      Plaintiff - Appellant,

v.

RUSSELL DEER, Major; SONNY
BRIGGS; DR. HARVEY; NURSE
HERBIT; NURSE SNYDER; NURSE
POTER; COURTNEY O'CONNOR;
OFFICER PERRY, Detention Officer;
OFFICER SEBER, Detention Officer;
SGT. FLEMMING; SGT. SAILIAS;
SGT. CAMBRIDGE; SGT. WADE,

      Defendants - Appellees.

No. 00-6152

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. NO. CIV-99-274-M)**

Submitted on the briefs:

Joe R. McBride, *pro se* .

Don G. Pope, Attorney at Law, Norman, Oklahoma, and Richard Mann, District
Attorney's Office, Oklahoma City, Oklahoma, for the Defendants-Appellees.

Before **HENRY** , **BALDOCK** , and **LUCERO** , Circuit Judges. [1]

_____

**HENRY** , Circuit Judge.

_____

Joe R. McBride, a state prisoner, brought suit pursuant to 42 U.S.C. § 1983 against Integrity Health Care, Inc., Wexford Health Services, and various employees of the Oklahoma County Detention Center ("OCDC"), arguing that his constitutional rights were violated while he was incarcerated at the OCDC. During the proceedings below, the district court granted summary judgment to some of the defendants and dismissed others on the basis of failure to state a claim. Mr. McBride now appeals. We affirm in part, vacate in part, and remand.

## I. DISCUSSION

On appeal, Mr. McBride asserts three arguments: (1) that his Eighth and Fourteenth Amendment rights were violated when he was denied proper medical care; (2) that his First, Fourth, and Fourteenth Amendment rights were violated when he was deprived of access to the courts; and (3) that his Eighth and Fourteenth Amendment rights were violated when he was forced to live in

_____

[1] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

unsanitary conditions for three days.  Because Mr. McBride is proceeding pro se, we liberally construe his pleadings.  See Haines v. Kerner , 404 U.S. 519, 520-21 (1972).

A.  Standard of Review

We review a district court's grant of summary judgment de novo.  See Adarand Constructors, Inc. v. Slater , 228 F.3d 1147, 1161 (10th Cir. 2000).  We also review de novo an order dismissing a prisoner's case for failure to state a claim.  See Perkins v. Kansas Dep't of Corrections , 165 F.3d 803, 806 (10th Cir. 1999) (establishing de novo standard of review for a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim); see also Sanders v. Sheahan , 198 F.3d 626, 626 (7th Cir. 1999) (noting the same standard of review for a dismissal under 28 U.S.C. § 1915A for failure to state a claim).  Notably, "[i]n reviewing the dismissal of a complaint, [a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true.  *In addition* , we will take the allegations in [the] plaintiff's objections to the magistrate's report [and recommendation] as true."  Dunn v. White , 880 F.2d 1188, 1190 (10th Cir. 1989) (emphasis added) (citations and internal quotation marks omitted).

B.  Medical Care

Mr. McBride's first argument is that defendant Dr. Harvey violated his constitutional rights two different times:  first, by failing to give proper medical

care and, second, by delaying in providing medical care. As to the first part of the claim (i.e., failure to give proper medical care), we conclude that the district court properly granted summary judgment: Mr. McBride never demonstrated deliberate indifference on the part of Dr. Harvey. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend evolving standards of decency in violation of the Eighth Amendment.") (internal quotation marks omitted).

However, as to the second part of the claim (i.e., delay in providing medical care), we conclude that the district court erred. Mr. McBride alleged the following facts in his complaint and objections to the magistrate's report and recommendation: (1) Prior to being incarcerated at the OCDC, Mr. McBride suffered a gunshot wound to the leg and underwent surgery; (2) once at the OCDC, Mr. McBride was treated by Dr. Harvey on April 10, 1997, because of pain in his leg; (3) after being treated, Mr. McBride continued to experience pain; (4) consequently, Mr. McBride filed multiple grievances and sick call slips informing Dr. Harvey, among others, of the pain; (5) Dr. Harvey did not see Mr. McBride again until May 30, 1997; and (6) Mr. McBride no longer has "full functions of [his] leg to this day." Rec., doc. 45, at 3.

-4-

According to the district court, Mr. McBride failed to state a claim because he did not allege substantial harm as a result of Dr. Harvey's delay. See Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993) (noting that a "[d]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm") (internal quotation marks omitted). However, as noted above, Mr. McBride stated explicitly that Dr. Harvey's delay caused him "not to have full functions of [his] leg to this day." Rec., doc. 45, at 2-3. Because officials may be "held liable when [a] delay results in a lifelong handicap or a permanent loss," Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999), we fail to see how Mr. McBride did not allege substantial harm. See also id. ("Delays that courts have found to violate the Eighth Amendment have [also] frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems."). Of course, whether Mr. McBride will in fact be able to prove substantial harm – or a "sufficiently serious" medical need, Farmer v. Brennan, 511 U.S. 825, 834 (1994) – is a different question; but, for the purposes of this appeal, our concern is otherwise. We need only ask whether Mr. McBride, proceeding pro se, has alleged sufficient facts to overcome the pleading hurdle.

C. Access to Courts

Mr. McBride next contends that defendants Major Dear and Sgt. Wade violated his constitutional rights by failing to act on his requests to have checks issued to the Oklahoma County court clerk and law library so as to obtain legal materials. The district court held that Mr. McBride failed to state a claim because he did not allege, in his complaint, actual injury as a result of the defendants' inaction. See Lewis v. Casey, 518 U.S. 343, 351 (1996) ("Because [there is not] an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right . . . is concerned, meaningful access to the courts is the touchstone, and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.") (citations and internal quotation marks omitted).

We hold that the district court properly dismissed this claim. Admittedly, Mr. McBride claimed, in his objections to the report and recommendation, that he suffered actual injury because the defendants' actions prevented him from filing pretrial motions on his criminal charges: "I repeatedly requested to [Major] Dear and [Sgt.] Wade to make me a check for the purpose of getting legal material, but

one was never made, therefore, I was deprived of meaningful access to the courts, for I had no way of knowing how to file a pre trial motion, nor how to file an appeal after I was convicted, I lost my appeal because of this denial, and could not file illegal search and seizour [sic] motions." Rec., doc. 45, at 5. However, Mr. McBride still failed to allege sufficient facts to satisfy the actual injury requirement: For example, he did not describe sufficiently the legal materials he was seeking, see Petrick v. Maynard, 11 F.3d 991, 995 (10th Cir. 1993) (noting that "a prisoner must do more than make a mere conclusory allegation of need for unspecified or unlimited materials"); he did not clarify that the OCDC library and its resources were inadequate for his needs, see id. (noting that the library and its resources were "inadequate" for the plaintiff's "legitimate queries"); and he did not explain that his legal claim was nonfrivolous. See Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (holding that the "[p]laintiff failed to allege that the library restrictions placed on unassigned prisoners hindered his effort to pursue a nonfrivolous legal claim"). Although "pro se complaints, like the one involved here, are held to less stringent standards than formal pleadings drafted by lawyers," Dunn, 880 F.2d at 1190 (internal quotation marks omitted), the pleading hurdle is not automatically overcome.

  D. Living Conditions

Finally, Mr. McBride argues that defendants Major Dear, Sgt. Salilis, and Sgt. Cambridge [2] violated his constitutional rights by forcing him to live in squalor – more specifically, a feces-covered cell – for three days. [3] Under the Eighth Amendment, jail officials must

> provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety. To hold a jailer personally liable for violating an inmate's right to humane conditions of confinement, a plaintiff must satisfy two requirements, consisting of an objective and subjective component.
>
> The objective component requires that the alleged deprivation be sufficiently serious. . . .
>
> The subjective component requires the jail official to have a sufficiently culpable state of mind. In the context of prison-conditions claims, the required state of mind is one of deliberate indifference to inmate health and safety.

---

[2] In his brief, Mr. McBride identifies the third defendant as Detention Officer Flemming. However, in his complaint, Mr. McBride named Sgt. Cambridge.

[3] Mr. McBride also asserts that Sgt. Salilis and Sgt. Cambridge violated his constitutional rights by threatening to spray him with mace. However, acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) ("Verbal harassment or abuse of the sort alleged in this case [i.e., sheriff threatened to hang prisoner following prisoner's request to mail some legal correspondence] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.").

Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998) (citations and internal quotation marks omitted).

The district court held that Mr. McBride failed to state a claim because he admitted in his amended complaint that cleaning supplies (namely, a broom, a mop, a bucket, water, and a half-gallon of disinfectant) were provided to the inmates every afternoon. Had Mr. McBride so admitted, then the district court's conclusion would be proper but, in his objections to the report and recommendation, Mr. McBride clarified the situation:

> I state in my amended complaint that 2 inmates are picked to clean the *pod* not the cells[.] . . . [T]he pod officer comes into the pod then he counts the inmates, then he goes and gets the mop, broom, and bucket and comes make all but 2 inmates stay in [their] cell, then he allows the 2 inmates to clean the pod area . . . . Then after the 2 inmates get does the pod [officer] takes the mop bucket and broom and stuff back out of the pod and then the other inmates are let out of [their] cage/cell.

Rec., doc. 45, at 7 (emphasis added); see also Howard v. Adkison, 887 F.2d 134, 140 (8th Cir. 1989) ("The simple fact that the cleaning supplies were present in [the plaintiff's] unit does nothing to show that he was provided with them.").

Because of Mr. McBride's clarification, we must undertake the inquiry anew – i.e., did Mr. McBride fail to state a claim given not only the allegations in his pleadings and but also his objections to the report and recommendation? In arriving at our answer, we note first that conditions, such as a filthy cell, may be "tolerable for a few days." Hutto v. Finney, 437 U.S. 678, 687 (1978). However,

"the length of time a prisoner must endure an unsanitary cell is [simply] one factor in the constitutional calculus"; equally important is "the degree of filth endured." Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994). In other words, "the length of time required before a constitutional violation is made out decreases as the level of filthiness endured increases." Id.; see also Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990) (holding that requiring inmates to work for even ten minutes in a well where they faced "a shower of human excrement without protective clothing and equipment would be inconsistent with any standard of decency") (internal quotation marks omitted).

Not surprisingly, human waste has been considered particularly offensive so that "courts have been especially cautious about condoning conditions that include an inmate's proximity to [it]." Id.; see also LaReau v. MacDougall, 473 F.2d 974, 978 (2d Cir. 1972) (holding that "[c]ausing a man to live, eat[,] and perhaps sleep in close confines with his own human waste is too debasing and degrading to be permitted"). Given the totality of the circumstances – i.e., the three-day period and the proximity of human waste – we hold that Mr. McBride alleged sufficient facts to demonstrate a sufficiently serious condition of confinement. Cf. Sperow v. Melvin, No. 96-4219, 1999 WL 450786, at *1-2 (7th Cir. June 24, 1999) (unpublished opinion) (holding that plaintiff's claim that he was placed in an unsanitary cell – i.e., human feces and urine on the walls and

floor, pieces of a mattress on the floor caked with feces and urine, and a dozen plastic food trays with decayed food – and refused cleaning supplies for three days was sufficient to overcome Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim).  Because Mr. McBride also alleged sufficient facts to establish deliberate indifference on the part of the defendants, we conclude that the district court erred in dismissing on the basis of failure to state a claim.   See Craig , 164 F.3d at 495 (noting that, to prove an Eighth Amendment violation, the plaintiff must prove a sufficiently serious deprivation and deliberate indifference).

E.  Title 42 U.S.C. § 1997e(a) and § 1997e(e)

As a final note, we emphasize that our review of this case has focused primarily on the issue of whether Mr. McBride alleged sufficient facts to state a claim.  We do not address on appeal, but the district court must consider, whether Mr. McBride's suit might be barred on other grounds such as 42 U.S.C. § 1997e(a), which requires exhaustion of administrative remedies, and § 1997e(e), which requires a prior showing of physical injury for mental or emotional injury suffered while in custody.

For the forgoing reasons, we AFFIRM the district court's decision in part, VACATE in part, and REMAND for further proceedings consistent with this opinion.