**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 30 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES PATRICK LESLEY,

      Plaintiff-Appellant,

v.

JOHN WHETSEL, Sheriff; STEVE
LEHAN, Officer,

      Defendants-Appellees.

No. 03-6254
(D.C. No. 00-CV-1244-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

James Patrick Lesley appeals from the district court's dismissal, under

28 U.S.C. § 1915A, of his second amended complaint brought pursuant to 42

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 1983. Mr. Lesley alleges that various Oklahoma prison officials and entities violated his constitutional rights by failing to adequately protect him from an attack by another inmate. We have jurisdiction under 28 U.S.C. § 1291. After careful review of the record and proceedings below, we affirm the district court's decision.

We need not repeat the allegations and analyses that have been thoroughly set out in the magistrate judge's reports and recommendations filed on September 14, 2001, February 28, 2003, and August 21, 2003, and which were adopted by the district court. We review *de novo* a dismissal under § 1915A for failure to state a claim. *See McBride v. Deer,* 240 F.3d 1287, 1289 (10th Cir. 2001).

On appeal, Mr. Lesley argues that the district court misinterpreted his allegations. He states that his complaint against the original defendants, Sheriff Whetsel and Officer LeHan, should have been construed to allege that officials knowingly and intentionally violated his constitutional right to be protected from serious harm. But Mr. Lesley's original complaint implied that Sheriff Whetsel was vicariously responsible for the acts of the officers who placed Mr. Lesley in a protective-custody pod where his attacker (who was the victim of his crime) was also detained. And he implied that Sheriff Whetsel was also vicariously responsible for the negligence of defendant Officer LeHan, who opened

Mr. Lesley's cell door and the attacker's cell door at the same time, in violation of prison rules. R. Doc. 1 at 2-4. Mr. Lesley never alleged that Officer LeHan was actually aware of the conflict between him and his attacker or that Officer LeHan deliberately opened the two cell doors so that Lesley could be attacked. *See id.* at 3 (listing officers whom Lesley allegedly told about the problem). Accordingly, the claims against the two defendants were properly dismissed. *See Houston v. Reich*, 932 F.2d 883, 888 (10th Cir. 1991) (liability under § 1983 cannot rest on the doctrine of respondeat superior); *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999) (defendant must have acted with deliberate indifference to inmate's safety). Mr. Lesley was allowed to amend his complaint, but he did not rectify the factual deficiencies to state a claim against these defendants.

Mr. Lesley next argues that the court erred by dismissing his complaint without allowing him an opportunity for discovery. He claims that there may be other deficient policies that caused the attack that he could have discovered, such as "the policy of not separating victims of crimes from their perpetrators . . . and there are possibly more deficient policies that could be unearthed given discovery in this case that would support Plaintiff['s] claims against OCDC and its officials." Aplt. Br. at 3A. But Mr. Lesley's complaint alleges that he was in fact separated from his victim/attacker in a separate cell in a protective custody pod, and that only Officer LeHan's negligence in not following prison policy created

-3-

the physical situation in which the attacker was able to have contact with Mr. Lesley. The court did not err in refusing to allow Mr. Lesley to go on a fishing expedition.

Finally, Mr. Lesley argues that he should have been allowed to amend his complaint yet a third time and to perfect service on those individual defendants listed in his first amended complaint who were dismissed by the court's February 28, 2003, order because they were never served. We disagree. As stated above, it is undisputed that these officers placed Mr. Lesley in a locked protective custody cell separate from his victim/attacker upon learning of Lesley's fear of an attack. The sole fact that Mr. Lesley's locked cell was in the same unit or pod as his attacker's will not give rise to liability for failure to protect as a matter of law. *See Lopez*, 172 F.3d at 760-61 (noting that jailers must take only "reasonable measures to insure the safety of inmates" and that to allege an action for failure to protect under § 1983, an inmate must demonstrate that he is "incarcerated under conditions posing a substantial risk of serious harm") (quotation omitted).

The judgment of the district court is AFFIRMED. Appellant's motion for leave to proceed on appeal without prepayment of costs and fees is denied.

Entered for the Court

John C. Porfilio
Circuit Judge

-4-