**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JUAN REYES,

　　　　Plaintiff-Appellant,

v.

M.X. SEDILLO, Unit Manager,
USP-Leavenworth; UNITED STATES
BUREAU OF PRISONS; and UNITED
STATES OF AMERICA,

　　　　Defendants-Appellees.

No. 06-3234
(D.C. No. 06-CV-3125-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

[*]　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Juan Reyes, a federal prisoner proceeding *pro se* on a *Bivens* complaint,[1] seeks declaratory and injunctive relief, damages, and a jury trial related to allegations that federal prison staff violated his civil rights under the Fifth and Sixth Amendments to the Constitution.[2] He claims that defendants denied him access to the prison law library or to legal assistance during a time when he would have been preparing his brief to support the direct appeal of his criminal conviction, thus denying him his constitutional right to access the courts. Specifically, Mr. Reyes alleges that, because he was forced to work sixteen hours a day in the prison kitchen during a lockdown, he was unable to spend any time working in the prison law library. As a result, he was forced to hire an attorney at the cost of $5,000, who ultimately rendered ineffective assistance on the direct appeal. In addition to the relief described above, Mr. Reyes also requested a written statement from the Bureau of Prisons to the United States Court of Appeals for the Eighth Circuit asking that he be allowed to present claims that his counsel failed to present on direct appeal.

---

[1]    *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Reyes's complaint sought relief under 42 U.S.C. § 1983; the district court construed the complaint as a *Bivens* action.

[2]    We note, without deciding, the question of whether Mr. Reyes can properly bring a *Bivens* cause of action alleging violation of the Sixth Amendment. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-68 (2001) (explaining that Supreme Court has recognized *Bivens* causes of action only in Fourth, Fifth, and Eighth Amendment cases).

The district court found no causal connection between Mr. Reyes's working extra hours and any purported ineffectiveness of appellate counsel and dismissed the complaint for failure to state a claim on which relief could be granted under 28 U.S.C. § 1915A(b).[3] The district court did not address whether Mr. Reyes had stated a *Bivens* claim with regard to the expenditure of the $5000. Mr. Reyes appeals, and we affirm.[4]

Our jurisdiction arises under 28 U.S.C. § 1291. We conduct a de novo review of a dismissal for failure to state a claim under § 1915(A). *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001).

We agree with the district court that Mr. Reyes's claim of ineffective assistance of appellate counsel is too attenuated from the actions of these defendants to be justiciable under *Bivens*. The district court correctly concluded that "[e]ven though the longer hours resulted in the plaintiff's decision to retain counsel, the injury arising from the performance of that counsel is not attributable to the defendants." R. Doc. 5 at 3.

---

[3] Defendants were not served with the complaint at issue and did not enter an appearance in this matter.

[4] The district court granted Mr. Reyes's motion to proceed on appeal *in forma pauperis* under 28 U.S.C. § 1915. We remind Mr. Reyes that he must continue making payments on his appellate filing fee until the entire balance is paid.

As for the expenditure of $5,000, we discern no constitutional basis to support a *Bivens* claim making defendants liable for damages in that amount. Initially, we note that Mr. Reyes did not have a constitutional right to appear *pro se* on direct appeal. *Martinez v. Court of Appeals of California*, 528 U.S. 152, 163 (2000). Further, Mr. Reyes's right to access the courts is only the right to "be able to present [his] grievances to the courts," not that he be provided the opportunity to "conduct generalized research." *Lewis v. Casey*, 518 U.S. 343, 360 (1996).

Before the lockdown, Mr. Reyes had already asked the Eighth Circuit to allow his appointed appellate attorney to withdraw.[5] Thus, Mr. Reyes had been in a position to be able to present his grievance to the Eighth Circuit via appointed counsel, but he chose to ask for substitute counsel. The Eighth Circuit granted the motion to withdraw but denied Mr. Reyes's motion for appointment of new counsel. Mr. Reyes's own action in asking that his appointed counsel be allowed to withdraw was a more direct cause of his eventual need to spend $5,000 for a new attorney than anything defendants did. Plaintiff's problems were caused more by himself than by defendants. It was not defendants' fault that the Eighth Circuit refused to appoint new counsel or that it did not grant him enough extra

---

[5] Appointed counsel concurred in this request.

time to file his brief *pro se*. It is axiomatic that this court cannot grant Mr. Reyes relief from decisions rendered by a sister circuit.

To the extent Mr. Reyes advances claims on appeal based solely on the Fourteenth Amendment, we note that he did not raise those claims in the district court thus precluding review by this court. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

The judgment of the district court is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge