FILED
United States Court of Appeals
Tenth Circuit

February 1, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

CAIN DIXON,

      Plaintiff - Appellant,

v.

KANSAS DEPARTMENT OF
CORRECTIONS; ROGER
WERHOLTZ, Secretary, Kansas
Department of Corrections; DAVID R.
MCKUNE, Warden, Lansing
Correctional Facility; ELIZABETH
RICE, Classification Administrator,
Lansing Correctional Facility, in their
individual and official capacities,

      Defendants - Appellees.

No. 07-3274
(D.C. No. 06-CV-03129-SAC)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.[**]

Cain Dixon, Jr., an inmate of the Lansing Correctional Facility (LCF)

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

appeals the district court's dismissal of his pro se civil rights complaint, 42 U.S.C. § 1983, against various corrections officials. Dixon v. Kan. Dep't of Corr., 2007 WL 2461693 (D. Kan. August 28, 2007). He alleges that his constitutional rights were violated when, contrary to a work and housing classification issued in 1995 and acknowledged by the Warden in 1996, he was forced to move to a cell requiring him to climb stairs. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Pursuant to its screening function, the district court ordered Mr. Dixon to show cause why his complaint should be dismissed as stating no claim for relief. See 28 U.S.C. § 1915A(b)(1). After Mr. Dixon responded concerning only his Eighth Amendment claim, the district court dismissed the complaint. The district court held that Mr. Dixon could not show an Eighth Amendment violation of deliberate indifference to serious medical needs because no facts suggested that prison officials knew of a substantial risk of harm and disregarded it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The district court relied upon an attachment to the complaint indicating that Mr. Dixon had been medically evaluated by a clinic prior to his move and that, after the clinic suggested a stair restriction, Mr. Dixon refused it and agreed to assume the consequences.

Giving Mr. Dixon's complaint its mandated liberal construction and taking as true all well-pleaded facts, we have conducted our de novo review. See McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001). The record supports the

district court's conclusion.

AFFIRMED.  We DENY Mr. Dixon's motion to proceed on appeal *in forma pauperis* and order immediate payment of any unpaid balance due.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge