OPINION
PER CURIAM.
Siddiq A. Aleem-x, a pro se prisoner, filed this action under 42 U.S.C. § 1983 in the United States District Court for the District of Delaware claiming that defendant Edward Wescott, a corrections officer, violated his constitutional rights by making abusive and harassing statements and gestures to Aleem-x on three occasions. As relief, Aleem-x sought, among other things, damages for emotional and psychological stress. The District Court dismissed the complaint sua sponte under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous and for failure to state a claim upon which relief can be granted, explaining that while defendant’s alleged statements and actions could be viewed as unprofessional, verbal abuse and harassment, without more, do not rise to the level of a constitutional violation.
Aleem-x timely appealed and has been granted leave to proceed informa pauper-is. We have appellate jurisdiction under 28 U.S.C. § 1291. Because this appeal lacks any arguable legal merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).
As the District Court explained, accepting Aleem-x’s allegations as true, he failed to state a viable claim for relief. Verbal abuse of a prisoner, even of the lewd variety alleged here, is not actionable under § 1983. See, e.g., McBride v. Deer, 240 *732 F.3d 1287, 1291 n. 3 (10th Cir.2001) (explaining that “acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment”); Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir.1987) (“Defamation is not a deprivation of liberty within the meaning of the due process clause.”). We agree with the District Court that any amendment to the complaint would be futile, and thus see no error in the dismissal without leave to amend.
For these reasons, we will dismiss the appeal.