DLD-242                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1809
_____

REGINALD MIMMS,
                              Appellant

v.

U.N.I.C.O.R., A Government Corporation; J. EOBSTEL,
Factory Manager in his Official and Personal Capacity; MR. ELIAS, Employee,
A.D.P. in his Official and Personal Capacity; MR. MISHIKA, Employee,
IPS, in his Official and Personal Capacity; MEYERS, Employee, Supervisor in his
Official and Personal Capacity; LAWHORN, Employee, Associate Warden, in his
Official and Personal Capacity; C. FISHER, Employee, in his Official and Personal
Capacity; G. PATRAW, Employee in his Official and Personal Capacity; FRITZ,
Employee, in his Official and Personal Capacity; DOES 1-10

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 09-cv-01284)
District Judge: Honorable Jerome B. Simandle

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 9, 2010
Before:   FUENTES, JORDAN AND HARDIMAN, Circuit Judges

(Opinion Filed: July 13, 2010)

_____

OPINION
_____

PER CURIAM

Reginald Mimms, a federal prisoner presently confined in the Metropolitan Detention Center in Brooklyn, New York, appeals pro se from the District Court's orders dismissing his first and second amended complaints. Because we conclude that this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6

I.

Mimms instituted this action in the District Court in March 2009. After filing two more documents titled "amended complaint" and "complaint," Mimms filed an amended civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), in the District Court against J. Eobstel and other prison officials, UNICOR[1], the Bureau of Prisons ("B.O.P."), and unspecified "DOES 1-10" ("first amended complaint"). He claimed that the defendants harassed him, retaliated against him for filing grievances, filed false reports against him, were deliberately indifferent to his medical needs, and failed to protect him from a risk of serious harm. The claims stem from allegations relating to his employment with UNICOR and his transfer from Lewisburg to Fort Dix prison. He claimed that, in 2007, certain UNICOR officials refused to promote him to a higher position and eventually terminated his employment in 2008. In June of 2008, Mimms was transferred to Fort Dix.

---

[1]Mimms refers to UNICOR as a B.O.P. "factory."

Upon his arrival, he filed grievances with Fort Dix officials challenging the denial of medical care while he had been housed at Lewisburg. He claimed staff attempted to deter him from filing the grievances and retaliated against him after he pursued them.

On January 29, 2010, the District Court reviewed the first amended complaint pursuant to 28 U.S.C. § 1915A. It dismissed with prejudice the claims against "DOES 1-10," as well as his claims relating to the defendants' refusal to promote him and his eventual termination, his transfer to Fort Dix, and unspecified threats and harassment. The District Court also dismissed his allegations regarding the defendants' failure to protect him from harm and their violation of his rights under the Equal Protection Clause. The District Court dismissed without prejudice his claims relating to the refusal to treat his medical needs. The court also dismissed his retaliation claim and his various state law claims without prejudice.

Mimms filed a second amended complaint in February 2010, repeating his already-dismissed claims regarding his UNICOR employment. He also restated his claim regarding insufficient medical care. This time, however, he stated that he broke his left hand at Lewisburg camp. He was given an x-ray and was treated with a splint and medication for pain. He stated that he continued to experience pain and numbness and did not have any follow-up treatment. The District Court rejected this claim. Finding that allowing Mimms to amend his complaint would be futile, on March 8, 2010, the District Court dismissed the second amended complaint with prejudice. The court denied his

motion for the appointment of counsel as moot. Mimms filed a timely appeal.

## II.

We exercise plenary review over the District Court's sua sponte dismissal of Mimm's claims under sections 1915(e)(2)(B) and 1915A(b)(1). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Because this appeal presents no "substantial question," we will summarily affirm the District Court's order. 3d Cir. LAR 27.4 & I.O.P. 10.6.

## III.

A.     January 29, 2010 Order

The District Court properly dismissed the claims against "DOES 1-10" with prejudice, as Mimms simply failed to state any allegation against them. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The court was also correct that prisoners do not have constitutionally protected interests in retaining employment, see James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989), and so properly dismissed with prejudice his claims relating to the defendants' refusal to promote him and his eventual termination. Likewise, Mimms' claims relating to his transfer to Fort Dix were properly dismissed, as inmates have no liberty interest in a particular place of confinement. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983). Finally, the District Court correctly concluded that Mimms' claim regarding the defendants' alleged verbal abuse and harassment of him was not viable under 42 U.S.C. § 1983. Verbal harassment of a prisoner, without more, does not violate the Eighth Amendment. See, e.g., McBride v. Deer, 240 F.3d 1287, 1291 n.3

4

(10th Cir. 2001); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000). The District Court also properly dismissed his conclusory allegations regarding the defendants' failure to protect him from harm, as none of his allegations present a situation where his health or life were at risk, see Farmer v. Brennan, 511 U.S. 825, 832-38 (1994), and his claim that his Equal Protection rights were violated, which is based only on his unsupported conclusion that the defendants acted against him on the basis of his race.

The District Court properly dismissed without prejudice Mimms' claims relating to the refusal to treat his medical needs. Mimms did not allege that any of named defendants were personally involved in the denial of any care. Moreover, he failed to state with any specificity what his serious medical needs were, what treatment he requested and was denied, and the time frame of the events. The District Court also dismissed his retaliation claim without prejudice. According to Mimms' statement of facts, the defendants' alleged retaliatory action (filing a false report against him) took place before he filed his grievances against certain defendants.

B.     March 8, 2010 Order

In his second amended complaint, Mimms restated his deliberate indifference claim regarding insufficient medical care. In order to state a claim under the Eighth Amendment for denial of medical care, Mimms must show that defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer, 511 U.S. at 834-35. Deliberate indifference can be shown by a prison

5

official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05. Mimms stated that he broke his left hand at Lewisburg camp. He was given an x-ray and was treated with a splint and medication for pain. He stated that he continued to experience pain and numbness and did not have any follow-up treatment. The District Court properly dismissed this claim because Mimms failed to clarify which defendant he faults for these events. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, he did not satisfy the standard for deliberate indifference. According to Mimms' own allegations, he received immediate medical care, and he did not specify what treatment, if any, he was denied. Although he claimed that he experienced continuing pain, the District Court properly noted that he did not allege that the pain was severe or that he informed prison officials about the pain and was denied treatment.

Mimms also appears to reassert his claim that defendants retaliated against him for filing grievances and for racially motivated reasons. He stated that certain defendants filed false reports against him for a variety of misconduct. The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002); see also Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986). Here, Mimms does not allege that he was denied a hearing or an opportunity to present a defense. Therefore, to the extent he asserted a due process violation, the District Court

6

properly dismissed his claim.

Finally, Mimms repeated his already-dismissed claims regarding his UNICOR employment and verbal harassment by prison officials. As discussed above, the District Court properly dismissed these claims with prejudice in its January 29, 2010 order.

We see no error in the District Court's conclusion that allowing Mimms to amend his complaint yet again would be futile. To the extent Mimms challenges the District Court's denial of his motion for counsel, we conclude that the District Court did not abuse its discretion. An indigent plaintiff seeking the appointment of counsel must present a claim having "some merit in fact and law." Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Mimms' claims lack merit for the reasons already discussed.

For the foregoing reasons, we conclude that this appeal presents no substantial question. See I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment.