FILED
United States Court of Appeals
Tenth Circuit

June 21, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

KEVIN W. OSBORN,

      Plaintiff - Appellant,

v.

ROBERT O. LAMPERT,

      Defendant - Appellee.

No. 13-8024
(D.C. No. 12-CV-00139-NDF)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Kevin Osborn, a *pro se* Wyoming prisoner, sued Robert Lampert, the

director of the Wyoming Department of Corrections, under 42 U.S.C. § 1983,

claiming the Department violated his civil rights. Mr. Osborn's complaint stems

from the fact that he was, at some point, moved from Wyoming to a Florida

detention facility. While in Florida, Mr. Osborn pursued post-conviction relief in

---

[*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Wyoming state courts, but, understandably, the Florida prison library did not stock legal materials related to Wyoming state law. For its part, the Wyoming Department of Corrections willingly sent Mr. Osborn state legal materials as requested, but it allowed him only a limited number of books at any one time: Mr. Osborn was required to return at least some of the checked-out legal materials at his own expense in order to receive more. In Mr. Osborn's view, that policy interfered with his access to the Wyoming courts. The district court, though, disagreed and granted Mr. Lampert's motion for summary judgment. Mr. Osborn now asks us to reverse that ruling.

We cannot. The problem, as the district court capably explained, is that Mr. Osborn hasn't shown an actual injury resulting from the Department's library policy sufficient to support a constitutional access to the courts claim. Under Supreme Court precedent it is not enough to show that a prison library "is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, a prisoner must show how the library's supposed failings impaired his own ability to pursue a meritorious claim. *Id.* That Mr. Osborn has not done. He identifies no legal resources he sought but was unable to access. *See McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). Neither does he allege that the materials he received from the Department were inadequate to pursue a meritorious claim. *See id.* In fact, Mr. Osborn was able to file pleadings and briefs at all levels in the state courts, citing relevant state and federal authority. And the Wyoming

Supreme Court considered Mr. Osborn's filings and entered a decision on the merits. Mr. Osborn may not have received the result he desired in state court, but he has not even argued, much less established, that any perceived deficiency in the legal materials he received from the Department contributed to that outcome.

Separately, Mr. Osborn complains about a district court order denying his motion to reconsider its judgment. That matter, however, is not properly before us because Mr. Osborn did not include the district court's order denying the motion to reconsider in his notice of appeal. *See* Notice of Appeal, *Osborn v. Lampert*, No. 12-CV-139-F (D. Wyo. Mar. 4, 2013), R. vol. 1 at 736.

The judgment of the district court is affirmed. We grant Mr. Osborn's motion to proceed *in forma pauperis* and remind him that he must continue making partial payments until the filing fees he owes are paid in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge