NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2017[*]
Decided January 18, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-2093

| | |
|---|---|
| CRAIG CHILDRESS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 14-3196 |
| GREGG SCOTT, *Defendant-Appellee*. | Colin Stirling Bruce, *Judge*. |

## O R D E R

Craig Childress, a civil detainee at the Rushville Treatment and Detention Facility, appeals the grant of summary judgment against him in this action under 42 U.S.C. § 1983 asserting that the facility's program director denied him access to the courts by maintaining a law library that was inadequate and not providing law clerks to help residents file legal claims. We affirm.

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Childress, having served his sentence for attempted aggravated sexual assault, is now detained at Rushville as a sexually violent person. *See* 725 ILCS § 207/40. He filed repeated requests with Rushville staff seeking their help in filing a state habeas corpus petition. The staff told Childress that they could not help him because they were not attorneys and recommended that he contact the courts or an attorney.

Childress then filed a grievance, requesting that Rushville hire law clerks, allow inmates to help each other prepare legal filings, or "make a reasonable alternative available." The grievance examiner met with Childress and stated that Rushville did not have an obligation to hire law clerks to help residents prepare legal documents. Childress contacted the Illinois Attorney General's Office and the Circuit Court Clerk of Schuyler County, who both replied that they could not advise or guide him in preparing a habeas corpus petition.

Childress then sued Gregg Scott, the Program Director at Rushville, asserting that the facility had denied him access to the courts. He also sought an injunction compelling the facility to improve the library, hire law clerks, stop "administrative interference" with filings, and provide other "reasonable alternatives."

Scott moved for summary judgment, arguing that Rushville's law library provides adequate resources, that Childress's rights were not violated because any habeas corpus petition he filed would be frivolous, and that he was represented by an attorney for his civil-commitment case. Scott supplemented his motion with an affidavit from Rushville's library technician asserting that the library had resources that Childress could use to file a habeas corpus petition, including on-line access through Westlaw to the Illinois Compiled Statutes, Illinois Administrative Code, and state and federal case law and federal statutes, as well as the Prisoner's Self Help Litigation Manual, Appellate Practice and Procedure, about ten criminal law and procedure casebooks, and the Illinois Court Rules & Procedure.

Childress opposed Scott's motion for summary judgment and submitted an affidavit of his own asserting that "many of the books" on the library list were missing, outdated, had missing pages, or lacked recent supplements; that "many of the key functions" on Westlaw were blocked; and that he no longer was represented by an attorney.

The district court granted summary judgment for the defendants because Childress presented no evidence from which it could be inferred that his ability to pursue legal claims was impaired "in any way." Childress, the court observed, did not

dispute that the library provided access to current Illinois legislation or Westlaw, that he had never tried to file a state habeas corpus petition, and that, in any event, filing a habeas corpus petition would be futile because such actions were reserved for limited circumstances not present here. The court also noted that he had pursued 11 cases in two years and was represented by an attorney in his civil case.

On appeal Childress maintains that the library resources available to him were inadequate and that the district court ignored his affidavit, in which he complained that the books Scott listed were missing, outdated, or incomplete and that Westlaw access was limited due to blocked key functions. But we agree with the district court that Childress did not demonstrate that the prison library's shortcomings hindered or prevented him from pursuing a potentially meritorious claim. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013). An inmate cannot establish actual injury "simply by establishing that his prison's law library is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. Childress did not, for instance, identify any legal resource he sought but was unable to access, *see McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001), or explain why he could not conduct basic research with the remaining library books available to him or the limited use of Westlaw that he did have. Because he has not established any actual injury resulting from the prison law library's alleged limited holdings, the judgment of the district court is

AFFIRMED.