**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3175
_____

JAMIL GANDY,
                                   Appellant

v.

MS. SASHA REEDER, Correction Guard; LT. G. S. ROBINSON, III, Correction Guard;
MS. MCKELVEY, 1 Name Unknown, Correction Guard
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-05126)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 2, 2018

Before:  GREENAWAY, JR., BIBAS and ROTH, Circuit Judges

(Opinion filed June 20, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se Appellant Jamil Gandy appeals the District Court's order granting the Appellees' motion to dismiss. For the reasons detailed below, we will affirm.

I.

Gandy, a state prisoner, brought this action in the District Court under 42 U.S.C. § 1983, alleging several constitutional violations. The claim at issue in this appeal is based on Gandy's allegation that Appellees Reeder and McKelvey, both correctional officers, violated the Eighth Amendment by disclosing his medical condition and treatment for mental health issues to prison employees and other inmates.[1] Specifically, Gandy alleged that, for three years, the Appellees called him crazy, a "loony toon," and spread rumors about his mental health. According to Gandy, these insults and disclosure led to humiliation, harassment, anxiety, and even caused him to fear for his "untimely death." Gandy's grievances about the Appellees' conduct were unsuccessful.

The Appellees filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss, which the District Court granted. It determined that Gandy had not stated a viable claim. Although the District Court did not look favorably upon the alleged behavior, it concluded that such conduct did not amount to a constitutional violation. Nor, thought the District

---

[1] In his complaint, Gandy also brought a Fourteenth Amendment claim for inadequate investigation of his grievances. The District Court dismissed that claim, when it granted the Appellees' motion to dismiss. In his briefs, Gandy does not challenge the District Court's dismissal of this claim, and we do not consider it here. See United States v. Menendez, 831 F.3d 155, 175 (3d Cir. 2016).

Court, did the complaint plausibly allege that the Appellees knew of and disregarded an excessive risk to Gandy's health or safety. Gandy timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Gen. Ceramics Inc. v. Firemen's Fund Ins. Cos., 66 F.3d 647, 651 (3d Cir. 1995). We exercise plenary review over a decision to grant a motion to dismiss. See Delaware Nation v. Pennsylvania, 446 F.3d 410, 415 (3d Cir. 2006). "[I]n deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (citation omitted). To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.

The Eighth Amendment, through its prohibition of cruel and unusual punishment, forbids the imposition of "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993). A prison official violates the Eighth Amendment when he is deliberately indifferent to an inmate's health or safety, and when this act or omission results in the denial of "the minimal civilized measure of life's necessities." See Farmer v. Brennan, 511 U.S. 825,

3

834 (1994). Therefore, a prison official can be held liable if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 847. In order to establish a cognizable Eighth Amendment claim, a prisoner is required to allege "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986).

The District Court was correct in its decision to grant the Appellees' motion to dismiss as to Gandy's Eighth Amendment claim. As noted, Gandy alleged that the Appellees disclosed his medical information to prison staff and other inmates, and called him crazy and a "loony toon."[2] We agree with those courts that have held that mere insults, without more, cannot constitute as an Eighth Amendment violation. See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001). Although we certainly agree with the District Court that the conduct alleged by Gandy is unprofessional and worthy of condemnation, it was not objectively serious enough to sustain a finding that the Eighth Amendment was violated. See, e.g., Ricks v. Shover, 891 F.3d 468 (3d Cir. 2018).

Gandy also alleged that the Appellees' actions exposed him to risk of injury. But, as the District Court suggested, Gandy did not provide enough detail to make a plausible claim. Indeed, Gandy has put forth essentially a conclusory allegation that he feared for

---

[2] Before issuing a briefing schedule, the Clerk instructed the parties to address whether Gandy's complaint viably alleged a Fourteenth Amendment privacy claim. See Doe v. Delie, 257 F.3d 309, 323 (3d Cir. 2001). Gandy did not brief that question, so we do not consider it further.

4

his "untimely death." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (conclusory allegations are insufficient to survive motion to dismiss). Simply putting forth an allegation of generalized fear is not enough to plead an Eighth Amendment claim. Cf. Farmer, 511 U.S. at 834 (explaining that a prisoner must he show that prison officials acted with a "sufficiently culpable state of mind"). Furthermore, nothing in Gandy's allegations suggest that the Appellees acted with anything "more than ordinary lack of due care for [his] interests or safety." Whitley, 475 U.S. at 319. In this regard, we note, Gandy did not allege that the Appellees failed to intervene when other inmates harassed him, or even that they were aware that he faced a substantial risk of serious harm. See Farmer, 511 U.S. at 847. Thus, Gandy failed to state an Eighth Amendment claim upon which relief could be granted.[3]

Accordingly, we will affirm the District Court's judgment.[4]

---

[3] Under the circumstances of this case, we perceive no reversible error in the District Court's failure to permit Gandy to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). We note that prior to briefing, the Clerk of this Court directed the parties brief the question of amendment. Gandy, however, did not argue that question and, indeed, pointed to no allegation that he had failed to bring in his original complaint.

[4] Gandy's "Motion to Enter Judgment in Favor of Appellant and for Full Remand to the District Court" is denied.