DLD-278                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1273
_____

ORIN TURNER,
Appellant

v.

COMMISSIONER COUPE; WARDEN PIERCE; DEPUTY WARDEN PARKS;
DEPUTY WARDEN JAMES SCARBROUGH; MAJOR CARROTHERS; MAJOR
BRENNAN; ST. LT. SIMON; COUNSELOR MICHAEL MCMAHON; CAPTAIN M.
RASPOLI; CAPTAIN BURTON; ST. LT. REYNOLDS; ST. LT. ENDURES; ST. LT.
DAUM; SGT. DOME; C/O TORRES; COUNSELOR SCOTT KNIGHT
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-14-cv-00276)
District Judge: Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2016
Before: CHAGARES, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 30, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Orin Turner appeals from the judgment of the United States District Court for the District of Delaware in his 42 U.S.C. § 1983 action. As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

I.

Turner initiated this § 1983 action in 2014 against various officials from the James T. Vaughn Correctional Center (VCC), alleging constitutional violations related to his conditions of confinement, and retaliation for attempting to grieve the violations. Turner alleges that in July of 2013, he was transferred to the Medium-High Security Unit, and that following his transfer, Defendant Sergeant Dome permitted him to attend religious services only on Fridays, although he was on a list permitting him to attend classes Monday through Thursday. In addition, he alleges that he was denied employment, education, and other programming, and that his cell was infested with roaches.

Turner, at an unspecified time, requested a transfer from Defendant Counselor Knight, and claims that Dome began to harass and threaten him after learning of the request. On September 3, 2013, Turner filed a grievance against Dome for this harassment. On September 11, 2013, Turner filed a request to Defendant Robert Coupe, Commissioner of the Delaware Department of Corrections, and Defendant David Pierce, Warden of the VCC, in which he complained of the issues with roaches, employment,

education, and programming, and requested a transfer from the VCC. Turner alleges that after sending these complaints, Dome continued to verbally harass and threaten him.

On September 19, 2013, Turner sent another letter to Coupe requesting a transfer to another facility though the Interstate Compact Agreement. Pierce reviewed this submission, and later indicated in a sworn affidavit that it gave him "concern for Turner's assigned security classification level."[1] Consequently, on September 24, 2013, Turner was transferred to the Security Housing Unit (SHU), and claims that he was transferred in retaliation for filing grievances and other inquiries. Turner filed a number of grievances and inquiries related to this transfer, and eventually was transferred to a less restrictive unit on December 24, 2014.

After screening Turner's amended complaint under 28 U.S.C. § 1915, the District Court dismissed his religious exercise claim, his harassment claims, and his conditions of confinement claims related to roaches, employment, and education, but permitted him to proceed against Defendants Dome and Pierce on his retaliation claims. On January 6, 2016, the District Court awarded summary judgment in favor of Dome and Pierce, finding that Turner failed to produce sufficient evidence of retaliatory conduct. This timely appeal ensued.

---

[1] Pierce stated: "A review of his grievances, disciplinary history, and his statements, as well as the similarity to other offenders who have taken drastic actions out of their perception of persecution are reminiscent of the behaviors and attitude of a former inmate who took staff hostage in 2004 demanding to transfer out of this facility. Inmate Turner's letter, grievances, and disciplinary behaviors upon review demonstrate that he was very threatening towards staff and a high risk to the safety and security of both the staff and the rest of the inmate population."

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under § 1915, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (applying Rule 12(b)(6) standard), and ask whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). We also exercise plenary review over the District Court's award of summary judgment and apply the same test the District Court should have utilized – whether the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). In applying this test, we must accept evidence presented by the non-movant as true and draw all justifiable factual inferences in his favor. Id. We may summarily affirm any decision of the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

We detect no error in the District Court's resolution of Turner's claims and will affirm for substantially the same reasons as expressed by the District Court. As to his religious exercise claim, the District Court properly determined that no substantial burden existed under the Religious Land Use and Institutionalized Persons Act (RLUIPA) because he was permitted to attend services on Fridays, and was not otherwise forced to act in a way that violated his beliefs. See Holt v. Hobbs, 135 S. Ct. 853, 862 (2015)

4

(substantial burden exists where policy requires plaintiff to "engage in conduct that seriously violates [his] religious beliefs") (internal quotations omitted). And as the District Court explained, to the extent that he asserts a First Amendment claim, it similarly fails because the First Amendment imposes similar, but less strict, standards on prison administrators than RLUIPA. See Turner v. Safley, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

As to his claims regarding employment, programming, and education, the District Court properly determined that he enjoys no constitutional right to these services. See Women Prisoners of D.C. Dep't of Corr. v. D.C., 93 F.3d 910, 927 (D.C. Cir. 1996) ("[A]n inmate has no constitutional right to work and educational opportunities."). He also enjoys no right to any particular housing classification. Wilkinson v. Austin, 545 U.S. 209, 221 (2005) ("Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.").

As to his claim regarding the occasional presence of roaches in his cell, the District Court properly determined that exposure to such a condition for an approximate two-month period, without accompanying physical harm, does not satisfy the objective component of an Eighth Amendment claim. See Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988) (temporary roach infestation insufficient to state Eight Amendment claim in absence of physical harm). His claims of verbal harassment and threats are similarly insufficient. McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts or

omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.").

Finally, with respect to his retaliation claims, he must show "(1) constitutionally protected conduct, (2) an adverse action by prison officials . . . and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotations omitted). His claim against Dome is premised on Dome allegedly preventing him from attending religious services except on Fridays. We agree with the District Court that "while Turner alleges that the alleged retaliatory conduct occurred after he submitted grievances and wrote to Dome's supervisor, he provided nothing to support his argument."[2] Turner's complaint alleges that Dome prevented him from attending services in July of 2013, immediately upon his transfer to the SHU, and before he filed any complaints or grievances against Dome. He cannot now credibly claim that Dome engaged in this conduct – which he acknowledges occurred before he filed any complaints or grievances – in retaliation for that activity.

As to Pierce, the decision to transfer Turner to a higher level classification was based on Pierce's review of Turner's grievances, disciplinary history, and other statements, and Pierce's determination, based on this review, that Turner posed a threat to

---

[2] The Court "scoured the record for evidence of a grievance, letter, or any type of constitutionally protected conducted by Turner prior to Dome's alleged retaliatory acts and found none." Upon our review of the record, we agree with this finding.

staff and other inmates. Turner's claim is premised on mere allegations that Pierce transferred him as punishment for filing grievances and other requests, but because the evidence of record indicates otherwise – that Pierce transferred him for security reasons – Turner cannot establish a causal nexus between Pierce's conduct and any protected activity. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (noting that "courts should afford deference to decisions made by prison officials," and even if "a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest").

Accordingly, we will affirm the judgment of the District Court. Appellant's motion for appointment of counsel is denied.