**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 28, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GREGORY C. REED,

    Plaintiff - Appellant,

v.

JAMES EARLY, JR.; RICK RAEMISCH;
JAMES FALK; FRANCES FALK;
ROBERTA WALTERS; ZACHARY
CAMPBELL; THOMAS LITTLE;
HUERMAN; Lt., MATTHEW HANSEN;
RYAN LONG; FLORY, Sgt., T.
MASONCUP; MARY CARLSON;
YATES, Captain; JACKSON, Sgt.; T.
MARLAR,

    Defendants - Appellees.

No. 16-1332
(D.C. No. 1:16-CV-00405-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

    Gregory Reed, a prisoner in the custody of the Colorado Department of

Corrections in Limon, Colorado, brought a number of claims under 42 U.S.C. § 1983 in

the United States District Court for the District of Colorado, alleging violations of the

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

First, Fourth, Eighth, and Fourteenth Amendments and the Ex Post Facto Clause. The district court dismissed his suit for failure to state a claim upon which relief could be granted. Mr. Reed filed a timely appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Reed's Second Amended Complaint asserts a grab bag of claims. It alleges that his Fourteenth Amendment right to due process was violated when he was incorrectly classified as a member of the Bloods gang, when he received disciplinary convictions in 2014 and 2016, when he was denied prison employment as a unit porter, and when he was denied earned and good time credits, as well as presentence confinement credit, toward his parole eligibility date. It alleges that he was denied equal protection when he was reclassified as part of a security threat group, when he was subjected to multiple urine tests, and when he was not given a job as a unit porter. It alleges three violations of the First Amendment—impairment of his right of access to the courts, denial of his right to correspond with his imprisoned brother, and retaliation for filing grievances. It alleges that his Eighth Amendment rights were violated by his security reclassification, prison lockdowns, and the denial of adequate medical care. It alleges that his Fourth Amendment rights were violated by drug tests and other searches. And it alleges that his habitual-offender conviction was contrary to the Ex Post Facto Clause.

The district court denied relief. The due-process claims failed because Mr. Reed had not shown that he had been subjected to any atypical and significant hardships beyond the ordinary incidents of prison life, he had no protected liberty interest in

receiving discretionarily awarded good-time or earned-time credits, and any failure to properly credit time against his sentence needed to be pursued in habeas proceedings. The equal-protection claims failed because he had not alleged specific facts showing that he was intentionally treated differently from similarly situated people. His First Amendment claims failed because he had not shown any inability to file litigation, the unreasonableness of restrictions on his correspondence, or any actual retaliation for filing grievances. His Eighth Amendment claims failed because he had not adequately alleged a true threat to his safety or deliberate indifference to medical needs, or otherwise shown the deprivation of minimal necessities of life. His Fourth Amendment claims failed because he had not shown that the drug testing or searches were unreasonable. And the court denied the Ex Post Facto Clause claim under *Heck v. Humphrey*, 512 U.S. 477 (1994), because the claim was inconsistent with his unchallenged convictions.

We review *de novo* the district court's dismissal for failure to state a claim. *See McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). We construe Mr. Reed's complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That does not mean, however, that we should act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

We **AFFIRM** the district court's dismissal for essentially the same reasons set forth in its order of dismissal. Mr. Reed's motion to proceed *in forma pauperis* is **DENIED**.

Entered for the Court

Harris L Hartz
Circuit Judge