**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2673
_____

RICHARD SEARS,
                    Appellant

v.

DANTE MCCOY; A. PETERS, RHU Lieutenant; J. EVELAND, C.O. III, RHU
Lieutenant; BRIAN CARPENTIER, RHU Lieutenant; SCIOCHITANA, C.O. IV
Captain; E. BAUMBACH, Deputy Superintendent Facility Manager; ANTHONY
LUSCAVAGE, Deputy Superintendent for Centralized; VINCENT MOONEY,
Superintendent; DORINA VARNER, Chief Grievance Officer
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-17-cv-00869)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2020

Before:  KRAUSE, MATEY, and ROTH, Circuit Judges

(Opinion filed: July 8, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Richard Sears, a prisoner proceeding pro se, filed a 42 U.S.C. § 1983 complaint against numerous prison officials and correctional officers alleging verbal abuse and retaliation. For the reasons that follow, we will affirm in part and vacate in part the judgment and remand this matter for further proceedings.

Sears alleged in his complaint that, on five separate occasions, he faced verbal abuse and other retaliatory actions from Dante McCoy, a corrections officer at SCI Coal Township.[1] First, according to Sears, McCoy made a number of sexually explicit, abusive remarks toward Sears in retaliation for Sears filing unrelated grievances against McCoy. Next, after Sears filed a grievance about that incident, McCoy allegedly referred to Sears as a "rat" in front of other inmates and told other inmates that Sears was convicted of kidnapping. Sears filed another grievance about that incident and later alleged that McCoy subsequently retaliated on three more occasions by withholding Sears's commissary purchases, placing a foreign object in Sears's meal, and stealing a photograph of Sears's father while Sears was in the shower.

At screening, the District Court dismissed all charges against McCoy's superiors and the claims of verbal harassment against McCoy. The District Court gave Sears leave to amend his complaint to include specific allegations against other officers who may

---

[1] Sears also included claims against eight other officials at SCI Coal Township. The claims stemmed from their role in supervising McCoy and in reviewing Sears's grievances.

have been involved. Sears did not file an amended complaint, and the Court allowed only Sears's claims of First Amendment retaliation to proceed against McCoy.

After discovery, McCoy filed a motion for summary judgment in which he asserted that Sears failed to exhaust any of the grievances related to the allegations in the complaint. Attached to the motion were two grievances, both of which related to the initial verbal harassment and retaliation that Sears alleged; neither concerned retaliation claims related to the alleged withholding of the commissary slip, food tampering, or theft of a photograph. Both of the attached grievances were appealed through the final review stage but were dismissed at the final stage because Sears included the phrase "without prejudice" in the signature line in contravention of prison policy. The District Court determined that Sears did "not refute[] the defense that he failed to properly exhaust his claims," and granted summary judgment "on the basis that [Sears] failed to properly exhaust his administrative remedies." Sears timely appealed.

On appeal, Sears argues that he had, in fact, exhausted his claims and that he stated viable First Amendment, Eighth Amendment, and verbal harassment claims against McCoy.[2] In response, McCoy concedes that the District Court erred in dismissing several of the retaliation claims on exhaustion grounds because the only grievances in the record pertained to events unrelated to those claims. However, McCoy

_____

[2] Sears does not challenge the dismissal of the claims against other prison officials and has waived the issue. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

argues that the actions alleged in the complaint, even if they were true and viewed cumulatively, were not enough to satisfy the constitutional standard for retaliation claims.

We have jurisdiction under 28 U.S.C. § 1291. We construe Sears's pro se complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Our review of the District Court's sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We exercise plenary review of a district court's award of summary judgment, applying the same test as the district court. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. Cty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

The District Court properly dismissed at screening Sears's verbal harassment claims based on McCoy's name-calling and use of sexually explicit, offensive language. A prisoner's allegations of verbal harassment, unaccompanied by another injury, are not cognizable under § 1983. See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000); see also McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (explaining that mere threatening language and gestures of a custodial officer are not constitutional violations).

4

The District Court granted summary judgment on the claims of First Amendment retaliation that remained, ruling that McCoy met his burden to show that Sears failed to exhaust his administrative remedies. However, as McCoy concedes, the grievances that he submitted in support of his motion for summary judgment related only to his making initial sexually explicit, derogatory remarks and calling Sears a "rat." Accordingly, and upon a review of the record, we agree with Sears that McCoy did not meet his burden of proving that Sears had not exhausted his administrative remedies on his claims of food tampering, withholding a commissary slip, and theft of a photograph and that the District Court erred in granting summary judgment on those claims.[3][4] See Fed. R. Civ. P. 56(a); Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002) (noting that the defendant bears the burden of proof on exhaustion as it is an affirmative defense). Because McCoy did not establish that Sears failed to exhaust his grievances, we will vacate the judgment on the First Amendment retaliation claims relating to food tampering, withholding a commissary slip, and theft of a photograph.[5]

---

[3] Contrary to McCoy's contentions, we cannot consider new evidence on appeal that was not before the District Court. In re Capital Cities/ABC, Inc.'s Application, 913 F.2d 89, 96 (3d Cir. 1990).

[4] Sears did not oppose the summary judgment motion, but that does not automatically entitle McCoy to summary judgment. See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004) ("If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*." (internal quotation omitted)).

[5] Though McCoy would have this Court affirm the judgment on the alternative grounds

As for the incidents of Sears's retaliation claims related to McCoy's first sexually explicit, derogatory remarks and McCoy's labeling Sears a "rat," we do not agree with the District Court that, under the circumstances of this case, the claims were not properly exhausted. Sears, whose well-detailed grievances received merits review at two levels of the grievance process, "substantially complied" with the prison's grievance system such that the claims were exhausted, even though he included the phrase "with prejudice" with his signature on the signature line. See Small v. Camden Cty., 728 F.3d 265, 272 (3d Cir. 2013) (explaining that the principal purpose of the prison grievance system is "notify[ing] officials of a problem and provid[ing] an opportunity for efficient correction"); Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004).[6]

Accordingly, we will affirm the judgment insomuch as the District Court dismissed the verbal harassment claims against McCoy and the claims against all other defendants. We will vacate the judgment insofar as the District Court granted summary

---

that Sears failed to state a First Amendment claim related to these allegations, we decline to do so. For these claims that survived screening and moved forward, we agree with the District Court that Sears pleaded enough to state that he engaged in constitutionally protected activity (filing grievances) and suffered adverse action at the hands of McCoy. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Read liberally and viewed cumulatively, the allegations relating to the retaliatory incidents may be enough to deter a person of ordinary firmness from exercising his constitutional rights. See Brennan v. Norton, 350 F.3d 399, 422 n.17 (3d Cir. 2003) ("The cumulative impact of retaliatory acts may become actionable even though the actions would be de minimis if considered in isolation.").

[6] Because we will vacate the grant of summary judgment, we do not reach Sears's argument that the District Court prematurely issued its decision without giving him an opportunity to respond to McCoy's motion.

judgment on the First Amendment retaliation claims against McCoy, and remand for further proceedings consistent with this opinion.