NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2022
_____

TONY LEE MUTSCHLER,
                                        Appellant

v.

BRENBA L. TRITT; JOHN E. WETZEL; MR. MILLER, D.S.F.M.; A. KOVLCHIK;
MS. STANISHESKI, C.H.C.A.; MR. HAREWOOD, M.D.; MR. MANBECK

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:14-cv-02477)
District Judge: Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on June 11, 2021

Before: GREENAWAY, JR., KRAUSE and BIBAS, Circuit Judges

(Opinion filed: November 22, 2021)

_____

_____

OPINION[*]

_____

PER CURIAM

Tony Mutschler appeals pro se from the District Court's May 5, 2020 order granting summary judgment against him in this prisoner civil rights action that he brought pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will affirm that order in part, reverse it in part, and remand for further proceedings.

I.

In December 2014, at which time Mutschler was a Pennsylvania state prisoner,[1] he filed a pro se complaint in the District Court against Dr. Adrian Harewood (Mutschler's prison doctor at SCI-Frackville in Pennsylvania) and six Pennsylvania Department of Corrections ("DOC") officials. Mutschler, who suffers from incontinence, alleged that, on numerous dates in 2014, he was not prescribed enough adult diapers, that he was left with no alternative but to sleep in urine-soaked bedding and spend hours wearing urine-soaked diapers, and that the defendants allowed the used, discarded diapers to accumulate in his cell. Mutschler also alleged that Dr. Harewood discontinued certain pain medication that had been used to treat Mutschler's arthritis and carpal tunnel syndrome. In view of these allegations, Mutschler sought damages, as well as declaratory and injunctive relief.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Mutschler was later incarcerated in a Delaware state prison for some time, but he is now back in the custody of the Pennsylvania Department of Corrections.

In 2015, Mutschler voluntarily dismissed his complaint against one of the six prison officials (John Wetzel). Later, the rest of the defendants moved for summary judgment. In 2019, the District Court granted Dr. Harewood's summary-judgment motion on the merits. And on May 5, 2020, the District Court granted the remaining prison-official defendants' (hereinafter "the DOC Defendants") joint motion for summary judgment. In the latter decision, the District Court identified six relevant prison grievances that Mutschler had filed and concluded that summary judgment in favor of the DOC Defendants was warranted because Mutschler had not properly exhausted any of those grievances. Mutschler then timely filed a notice of appeal, challenging the District Court's May 5, 2020 order.[2]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision granting summary judgment in favor of the DOC Defendants. See Lomando v. United States, 667 F.3d 363, 371 (3d Cir. 2011). Summary judgment is appropriate when the movants "show[] that there is no genuine dispute as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

The Prison Litigation Reform Act ("PLRA") "requires inmates to exhaust prison grievance procedures before suing in court." Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 153 (3d Cir. 2016) (citing 42 U.S.C. § 1997e(a)). "[T]o properly exhaust

---

[2] Mutschler does not challenge the District Court's 2019 order granting summary judgment in favor of Dr. Harewood.

administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules"—"rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (internal quotation marks omitted). We have held that "complet[ing] the administrative review process . . . means substantial compliance with the prison's grievance procedures." Small v. Camden County, 728 F.3d 265, 272 (3d Cir. 2013) (internal quotation marks omitted).

In this case, we agree with the District Court that Mutschler did not exhaust his administrative remedies with respect to the six grievances identified in the District Court's opinion accompanying its May 5, 2020 order.[3] However, there is a *seventh* grievance—one that was not discussed in either the DOC Defendants' summary-judgment motion or the District Court's opinion—that is relevant here. On July 25, 2014, SCI-Frackville's

---

[3] An appellant forfeits an issue on appeal unless he "raises it in [his] opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court." Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (ellipses in original) (internal quotation marks omitted). Here, the DOC Defendants argue that Mutschler has forfeited the issue of exhaustion because his opening brief, filed in December 2020, states only that he had "filed many grievances and exhausted them to the fullest." (Mutschler's Opening Br. 3.) Although we agree with the DOC Defendants that this passing remark is insufficient to preserve the issue of exhaustion for appellate review, that is not the end of the matter. In August 2020, two months before the Clerk issued the briefing schedule in this appeal, Mutschler filed a document titled "Informal Brief." That filing, which was lodged as a document in support of this appeal, includes argument on the issue of exhaustion. In view of Mutschler's pro se status, as well as his averments that he suffers from mental illness and has only a third-grade education, we liberally construe his August 2020 "Informal Brief" as part of his December 2020 opening brief. So construed, we conclude that the opening brief has preserved the issue of exhaustion for appellate review, and thus we decline to deem that issue forfeited.

Grievance Coordinator received Grievance No. 519814 (hereinafter "Grievance 7") from Mutschler. (See Dist. Ct. docket # 27-2, at 29.)[4] Grievance 7, which is dated July 23, 2014, alleged, in pertinent part, that (1) for the past eight days, Mutschler's bedding had been soaked with urine and his discarded, urine-soaked diapers had been accumulating in his cell, and (2) there were now 18 such diapers in his cell. Grievance 7 alleged that two of the DOC Defendants — SCI-Frackville Facility Manager Brenda Tritt, and Lieutenant Roy Manbeck (the latter of whom apparently was in charge of Mutschler's housing unit at SCI-Frackville) — were aware of this issue.

Having identified Grievance 7, we now consider whether the District Court record establishes that Mutschler failed to exhaust it. According to the DOC's Inmate Grievance System Procedures Manual, DC-ADM 804, "[t]he inmate must submit a grievance to the Facility Grievance Coordinator [("the FGC")] within 15 working days after the event upon which the claim is based." (Dist. Ct. docket # 153-1, at 47.) Upon receipt, the FGC assigns the grievance a tracking number and enters it into the Automated Inmate Grievance Tracking System ("AIGTS"). (See id. at 49.) If the FGC "determines that the grievance is properly submitted according to th[e] procedures manual, the [FGC] will designate a staff member to serve as the Grievance Officer [("the GO")] for that grievance." (Id. at 50.) The GO's ruling on the grievance "shall be provided to the inmate within 15 working days from the date the grievance was entered into the [AIGTS]." (Id. at 51.) If "the investigation

---

[4] A copy of Grievance 7 was included in the set of exhibits that accompanied the DOC Defendants' summary-judgment motion. (See Dist. Ct. docket # 153-1, at 122.) We cite to a copy of Grievance 7 that was filed earlier in this case because that copy is more legible.

of the grievance is ongoing," that deadline can be extended by 10 working days upon a request by the GO to the FGC. (Id.) If the FGC grants the GO's extension request, the inmate must be notified in writing. (Id.)

In this case, Mutschler timely submitted Grievance 7. On July 25, 2014, the FGC notified the assigned GO, via an internal memorandum, that the deadline for responding to this grievance was August 15, 2014. (See Dist. Ct. docket # 27-2, at 28.) That memorandum stated that, "[i]f you [(the GO)] require more time than the fifteen [working] days allowed by policy to reply[,] please advise me so I can inform the inmate of the extension. I would also need to know the circumstance[s] for the extension." (Id.) Although the GO did not deny Grievance 7 until six days *after* the August 15 deadline, (see id. at 27), the District Court record does not include (1) a request from the GO seeking an extension of that deadline, or (2) written notice to Mutschler that such an extension request had been granted.

We have held "that as soon as a prison fails to respond to a properly submitted grievance or appeal within the time limits prescribed by its own policies, it has made its administrative remedies unavailable and the prisoner has fully discharged the PLRA's exhaustion requirement." Shifflett v. Korszniak, 934 F.3d 356, 365 (3d Cir. 2019). Here, on this record, it cannot be concluded that the GO timely responded to Grievance 7. Therefore, even if the District Court had considered Grievance 7 in its opinion, there would have been no basis for that court to grant summary judgment, for failure to exhaust, with respect to the allegations set forth in that grievance. See Downey v. Pa. Dep't of Corr., 968 F.3d 299,

6

305 (3d Cir. 2020) (explaining that "[f]ailure to exhaust is an affirmative defense that the defendant[s] must plead and prove").

The merits of Mutschler's claims relating to the alleged unsanitary conditions in his cell were not addressed in the DOC Defendants' summary judgment motion or the District Court's summary-judgment opinion. Although we may affirm a district court's judgment on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), the record here is not sufficiently developed for us to assess whether summary judgment on the merits is appropriate as to the allegations in Grievance 7 against Tritt and Manbeck. Those allegations are at least sufficient to state a cognizable Eighth Amendment claim. See Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992) (explaining that the Eighth Amendment requires a correctional facility to provide its prisoners with "adequate food, clothing, shelter, *sanitation*, medical care, and personal safety") (emphasis added), superseded by statute on other grounds as stated in Nyhuis v. Reno, 204 F.3d 65, 71 n.7 (3d Cir. 2000); see also id. at 364-65 (noting that unsanitary prison conditions have "been found to be cruel and unusual under contemporary standards of decency," and stating that "[i]t would be an abomination of the Constitution to force a prisoner to live in his own excrement for four days in a stench that not even a fellow prisoner could stand"); McBride v. Deer, 240 F.3d 1287, 1292 (10th Cir. 2001) ("Not surprisingly, human waste has been considered particularly offensive so that courts have been especially cautious about condoning conditions that include an inmate's proximity to [it]." (alteration in original) (internal quotation marks omitted)). Accordingly, we cannot affirm the District Court's May 5, 2020, order in its entirety. Instead, we will affirm that order in part, reverse it in part, and

remand for further proceedings with respect to the allegations in Grievance 7 against Tritt and Manbeck.[5]  Mutschler's motions for appointment of counsel on appeal are denied.[6]

---

[5] We have considered the various arguments in Mutschler's briefing and conclude that none of those arguments warrants a different outcome here.  To the extent that he argues that the District Court's failure to grant certain relief reflected that court's bias against him, we see no such bias, see Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."), and we see no need for this case to be reassigned to a different district judge on remand.

[6] To the extent that one of Mutschler's counsel motions seeks, in the alternative, to stay this appeal until either "COVID-19 is over" or his prison moves him out of isolated confinement, that request is denied.